1  Alisa A. Lipski (SBN 278710)
2  Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
   1221 McKinney, Ste. 3460
3  Houston, TX 77010
   (713) 655-1101 – Main
4  (713) 655-0062 – Facsimile
   alipski@azalaw.com – Email
5
6  Attorney for Plaintiff

7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

11 | NEXUS DISPLAY TECHNOLOGIES LLC., | Case No. 14-1118 |
12 | | **NEXUS DISPLAY TECHNOLOGIES LLC'S COMPLAINT FOR PATENT INFRINGEMENT** |
13 | Plaintiff, | |
14 | v. | |
15 | BENQ AMERICA CORP. AND BENQ CORP., | |
16 | Defendants. | |

COMPLAINT

Plaintiff Nexus Display Technologies LLC ("NDT" or "Plaintiff") hereby submits this Complaint against Defendants BenQ America Corp. and BenQ Corp. (collectively "BenQ" or "Defendants") and states as follows:

## THE PARTIES

1. NDT is a Texas limited liability company, having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2. On information and belief, Defendant BenQ America Corp. is a corporation organized and existing under the laws of California, having a principal place of business at 3200 Park Center Drive, Suite 150, Costa Mesa, California 92626.

3. On information and belief, Defendant BenQ Corp. is a corporation organized and existing under the laws of Taiwan, having a principal place of business at 16 Jihu Road Neihu, Taipei 114 Taiwan.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

5. Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)–(c) and 1400(b) in that Defendants have done business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling NDT to relief.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,295,578

6. On November 13, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,295,578 ("the '578 Patent"), entitled "Method And Apparatus For Synchronizing Auxiliary Data And Video Data Transmitted

Over A TMDS-Like Link." NDT holds all rights, title, and interest in and to the '578 Patent. BenQ is not licensed to the '578 Patent, yet BenQ knowingly, actively, and lucratively practices the patents.

    7. Upon information and belief, BenQ has infringed directly and continues to infringe directly the '578 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '578 Patent. BenQ's infringing products include, but are not limited to, at least the BenQ XL, BenQ BL, BenQ PG, BenQ IL, BenQ PH, and BenQ PL series of products.

    8. The acts of infringement by BenQ have caused damage to NDT, and NDT is entitled to recover from BenQ the damages sustained by NDT as a result of BenQ's wrongful acts in an amount subject to proof at trial. The infringement of NDT's exclusive rights under the '578 Patent by BenQ has damaged and will continue to damage NDT, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

    9. At least as early as its receipt of this Complaint, BenQ has had knowledge of the '578 Patent and written notice of the infringement. NDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,143,328**

    10. On November 28, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,143,328 ("the '328 Patent"), entitled "Auxiliary Data Transmitted Within A Display's Serialized Data Stream." NDT holds all rights, title, and interest in and to the '328 Patent. BenQ is not licensed to the '328 Patent, yet BenQ knowingly, actively, and lucratively practices the patents.

11. Upon information and belief, BenQ has infringed directly and continues to infringe directly the '328 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '328 Patent. BenQ's infringing products include, but are not limited to, at least the BenQ XL, BenQ BL, BenQ PG, BenQ IL, BenQ PH, and BenQ PL series of products.

12. The acts of infringement by BenQ have caused damage to NDT, and NDT is entitled to recover from BenQ the damages sustained by NDT as a result of BenQ's wrongful acts in an amount subject to proof at trial. The infringement of NDT's exclusive rights under the '328 Patent by BenQ has damaged and will continue to damage NDT, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

13. At least as early as its receipt of this Complaint, BenQ has had knowledge of the '328 Patent and written notice of the infringement. NDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,835,498**

14. On November 10, 1998, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 5,835,498 ("the '498 Patent"), entitled "System and Method For Sending Multiple Data Signals Over a Serial Link." NDT holds all rights, title, and interest in and to the '498 Patent. BenQ is not licensed to the '498 Patent, yet BenQ knowingly, actively, and lucratively practices the patents.

15. Upon information and belief, BenQ has infringed directly and continues to infringe directly the '498 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of

the '498 Patent. BenQ's infringing products include, but are not limited to, at least the BenQ XL, BenQ BL, BenQ PG, BenQ IL, BenQ PH, and BenQ PL series of products.

16. The acts of infringement by BenQ have caused damage to NDT, and NDT is entitled to recover from BenQ the damages sustained by NDT as a result of BenQ's wrongful acts in an amount subject to proof at trial. The infringement of NDT's exclusive rights under the '498 Patent by BenQ has damaged and will continue to damage NDT, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

17. At least as early as its receipt of this Complaint, BenQ has had knowledge of the '498 Patent and written notice of the infringement. NDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

18. NDT hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, NDT requests entry of judgment in its favor and against BenQ as follows:

a. A declaration that BenQ has infringed and is infringing the '578, '328, and '498 Patents;

b. An Order permanently enjoining BenQ, its officers, agents, employees, and those acting in privity with it, from further direct and/or indirect infringement of the '578, '328, and '498 Patents;

   c. An award of damages to NDT arising out of BenQ's infringement of the '578, '328, and '498 Patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

   d. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and,

   e. Granting NDT its costs and further relief as the Court may deem just and proper.

Dated: July 17, 2014                     Respectfully submitted,

*/s/ Alisa Lipski*
Alisa A. Lipski
California Bar No. 278710
alipski@azalaw.com

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEY FOR PLAINTIFF NEXUS DISPLAY TECHNOLOGIES LLC**